IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Michael Flemming, #229516,    )<br>                                             )<br>                         Plaintiff,  )<br>                                             )<br>v.                                         )<br>                                             )<br>Dutch Fork Magistrate Court,        )<br>Judge Mr. Melvin Wayne Maurer,  )<br>Mr. Stoney Drake,                    )<br>Mrs. Dr. Beverly A. Wood, M.D.,   )<br>Ms. Deborah Hollifield,              )<br>Mr. Bernard McKie,                   )<br>Mr. Kennard Dubose,                  )<br>Mr. Lefford Fate,                      )<br>Mr. Judge M.B. Howard,              )<br>Bond Court, and                       )<br>Richland County,                      )<br>                                             )<br>                         Defendants.  )<br>_____  ) | C/A No. 4:16-3708-TMC<br><br>**OPINION & ORDER** |

Plaintiff James Michael Flemming ("Flemming"), a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Flemming's complaint be summarily dismissed without prejudice and without issuance and service of process. (ECF No. 14). Flemming was advised of his right to file objections to the Report (ECF No. 14 at 7), and he timely filed objections. (ECF No. 17).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate

Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Fleming, who is currently being housed at a psychiatric facility within the South Carolina Department of Corrections, initiated this action by filing a complaint on forms setting forth a 42 U.S.C. § 1983 claim. (Compl., ECF No. 1). In his Complaint, Fleming alleges claims against several defendants for due process violations based on his state prosecution and conviction. He alleges he went to trial without an attorney and was not competent to stand trial. (Compl. at 4, 5, 10). He seeks only money damages. (*Id.* at 6). In his Report, the Magistrate Judge determined Fleming's § 1983 action was barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Report at 5). In his objections, Fleming states he is seeking habeas relief pursuant to 28 U.S.C. § 2254. (Objections at 1).[1] As such, he contends that the holding in *Heck v. Humphrey* does not apply. (Objections at 3).

The court agrees with the Magistrate Judge that this § 1983 action is barred by *Heck*. Moreover, reviewing the Complaint, the court cannot simply liberally construe it as a habeas action filed pursuant to § 2254 - as much of the information needed to proceed in a habeas corpus case has not been furnished and the proper defendant has not been named. If Fleming wishes to file a petition for habeas corpus in this court, he should do so on the appropriate form.

The court has thoroughly reviewed the Report and the filings in this case, and the court

---

[1] In fact, the court notes that Fleming has labeled his Objections as a "Habeas Corpus" action. (Objections at 1).

finds no reason to deviate from its recommended disposition. Accordingly, the court adopts the Report (ECF No. 14) and incorporates it herein, and Plaintiff's complaint is summarily **DISMISSED** without prejudice and without issuance and service of process. Because Plaintiff has indicated he wishes to file a habeas action, the Clerk of Court is **DIRECTED** to send Plaintiff the form for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  **IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 19, 2017

### NOTICE OF RIGHT TO APPEAL

  The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.